ESTEBAN SOSA BRISUEÑO, menor representado por su madre natural con patria potestad ANGELA BRISUEÑO LANGE, demandante y apelado, *v.* LA AUTORIDAD MUNICIPAL DE HOGARES DE MAYAGÜEZ y la UNITED STATES FIDELITY & GUARANTY CO., representada por F. CARRERA & HNOS., INC., de Mayagüez, demandadas y apelantes.

Núm. 10419.—*Sometido:* Mayo 3, 1951. *Resuelto:* Agosto 20, 1951.

*Enrique Báez García,* abogado de las apelantes; *Vicente Palés Matos,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Al declarar con lugar la demanda y conceder al menor demandante la suma de $2,500 de indemnización por daños y perjuicios, con costas a las demandadas y $250 para honorarios de abogado, el tribunal inferior hizo las siguientes conclusiones de hecho:

"1. El demandante Esteban Sosa Brisueño tiene nueve años de edad y está constituído bajo la patria potestad de su madre natural Angela Brisueño Lange, quien es mayor de edad y en cuya compañía vive en la ciudad de Mayagüez; la demandada Autoridad Municipal de Hogares de Mayagüez es una corporación pública creada a virtud de la Ley núm. 126 de 6 de mayo

de 1938, con domicilio en la ciudad de Mayagüez; y la codemandada United States Fidelity & Guaranty Company es una compañía de seguros autorizada a hacer negocios en Puerto Rico.

"2. La demandada Autoridad Municipal de Hogares de· Mayagüez es dueña y controla y administra un proyecto de hogares o caserío conocido por 'Columbus Landing' en la parte oeste, próximo al mar, de la ciudad de Mayagüez. El caserío abarca una extensión considerable de terreno originalmente ocupado por un palmar que fué eliminado en gran parte al construirse los edificios quedando en pie, no obstante, un número considerable de palmas de coco diseminadas por los terrenos del caserío principalmente en las partes cercadas o patios de dichas edificaciones. Los terrenos no ocupados por las edificaciones y patios de las mismas fueron dedicados a calles con sus correspondientes aceras, a jardines y a 'playgrounds'. Los inquilinos de la Autoridad tienen el uso y aprovechamiento de las referidas palmas de coco y venden su producto para su propio beneficio. La Autoridad, no obstante, se ha reservado el control y supervisión sanitaria y de reglamentación en general del caserío y de sus dependencias, incluyendo, según admiten las demandadas en su alegato, el desganche de árboles y limpieza de las ramas secas de las palmas.

"3. El día 21 de julio de 1949, poco después de las doce del día, el menor demandante Esteban Sosa Brisueño caminaba por una de las aceras de dicho caserío en cierto sitio donde una palma de coco ubicada en el solar o patio de una de las edificaciones del caserío se inclina visiblemente hacia la calle en forma tal que sus ramas y frutos quedan directamente sobre la referida acera. Mientras así caminaba dicho menor se desprendió súbitamente de dicha palma uno de sus cocos el cual fué a caer precisamente sobre la cabeza del menor lanzándolo al suelo donde fué recogido en estado inconsciente y llevado al Hospital Municipal de Mayagüez donde fué atendido y curado por el Doctor Ramón Almodóvar.

"4. Con motivo del golpe así recibido el menor demandante sufrió una fractura con depresión del cráneo perdiendo temporalmente el habla por lo que hubo de ser sometido a una operación quirúrgica recobrando luego· gradualmente el habla. En la operación fué necesario remover varios pedazos del cráneo quedándole al menor demandante un hueco en la parte ósea de dos y medio centímetros de diámetro que para quedar cerrado

exige que en el futuro se le ponga en dicho sitio una placa de *vitelium*. En la fecha del juicio el menor demandante sufría aún de dolores de cabeza y se le hinchaba un lado de la cara como resultado del golpe recibido y de su tratamiento. Por lo demás el menor no ha sufrido incapacidad alguna y luego del accidente, que ocurrió en vacaciones, continuó sus estudios escolares sin dificultad alguna.

"5. Mediante un contrato de seguro celebrado entre las codemandadas Autoridad Municipal de Hogares de Mayagüez y United States Fidelity & Guaranty Company, esta última se hizo solidariamente responsable de todos los daños y perjuicios, hasta la suma de $5,000 de que pudiese la primera ser responsable con motivo a la administración del referido caserío 'Columbus Landing'."

Llegó también el tribunal inferior a la conclusión de derecho de que la demandada, Autoridad Municipal de Hogares de Mayagüez, fué negligente al tener y mantener en el sitio del accidente una palma de cocos inclinada hacia la calle, y de que dicha negligencia fué la causa próxima del accidente.

Las demandadas sostienen en apelación que fué error del tribunal inferior (1) declarar sin lugar la defensa de que la demanda no aducía hechos constitutivos de causa de acción, ya que de las alegaciones no aparecía que la demandada Autoridad Municipal de Hogares de Mayagüez hubiera realizado acto alguno o violado alguna obligación que pudiera dar derecho al demandante para reclamar y (2) declarar que dicha demandada fué negligente al tener y mantener una palma de cocos inclinada hacia la calle y que dicha negligencia fué la causa próxima del accidente.

■■ No se han cometido, a nuestro juicio, los errores señalados. La prueba demostró que la Autoridad demandada tenía la supervisión y control del caserío "Columbus Landing" y sus dependencias, incluyendo el desganche de árboles y limpieza de las ramas secas de las palmas—que eran alrededor de cuatrocientas en los terrenos ocupados por dicho caserío—y que una de dichas palmas se inclinaba notable-

mente hacia la calle en forma tal que sus ramas y frutos quedaban sobre la acera. El hecho mismo de que se desprendiera uno de sus frutos y ocasionara los daños sufridos por el menor demandante, quien era un transeúnte por la vía pública, denota descuido por parte de la Autoridad al no mantener limpia de frutos la palma así inclinada para evitar causar daño a terceras personas que pudieran transitar por dicho sitio, de ocurrir el desprendimiento de algún coco. El hecho de que la palma estuviera inclinada y expusiese sus ramas y frutos sobre la vía pública, exigía de la Autoridad un cuidado y celo más que ordinarios, pues si bien es cierto, como sostienen las apelantes, que los cocos generalmente se tumban, también es cierto que se desprenden cuando se deteriora la resistencia natural que los une a la palma. A la Autoridad correspondía, por haberse reservado el control y la supervisión de las palmas—no obstante tener los inquilinos el aprovechamiento de sus frutos—mantener la que se inclinaba a la vía pública en condiciones tales que no constituyera una amenaza o peligro para los transeúntes por dicha vía.

En consecuencia, ni el primer error, que va dirigido a la suficiencia de las alegaciones, ni el segundo que impugna la conclusión sobre negligencia de la Autoridad demandada, existen, pues las alegaciones de la demanda deben considerarse enmendadas por la prueba y ésta, a nuestro juicio, sostiene plenamente tanto las conclusiones de hecho a que llegó el tribunal inferior como las de derecho sobre negligencia de la Autoridad demandada.

*La sentencia será confirmada.*