IRIS ROSA FOURNIER HERNÁNDEZ, demandante, apelada y apelante, *v.* RAMÓN ANTONIO FOURNIER, demandado, apelante y apelado.

Número 10586.

*Sometido:* 16 de diciembre de 1952. *Resuelto:* 17 de junio de 1955.

*F. Fernández Cuyar,* abogado del apelante apelado; *E. Martínez Rivera,* abogado de la apelada apelante.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del Tribunal.

Iris Rosa Fournier Hernández, instó demanda en el antiguo Tribunal de Distrito de Puerto Rico, Sección de San Juan, contra su padre Ramón Antonio Fournier, reclamando en la primera causa de acción, la liquidación y el pago de lo que pueda corresponderle como heredera de su madre Iris Nereida Hernández Matos, en los bienes de la sociedad de gananciales, que existió entre ésta y el demandado, y en los frutos y accesiones de los mismos; y en la segunda, la cantidad de $100,000, para resarcirla de los perjuicios sufridos como consecuencia de la muerte de su citada madre, causada ilegal y voluntariamente por el demandado. Contestada la demanda, y visto el litigio en sus méritos, el tribunal de instancia pronunció sentencia declarándola con lugar en sus dos causas de acción, concediéndole a la actora una indemnización ascendente a la suma de $25,000. El demandado fué condenado también a pagar $2,500 para honorarios de abogado, y las costas del pleito. De la sentencia apelaron ambas partes. Consideraremos, primeramente, los errores apuntados por el demandado, en apoyo de su recurso.

En el primer señalamiento sostiene que la sentencia apelada es contraria a la ley, según ha sido establecida por este Tribunal. Va el ataque dirigido al pronunciamiento que le condena al pago de la indemnización, y descansa, primariamente en lo resuelto en *Guerra* v. *Ortiz*, 71 D.P.R. 613. El problema lo plantea el apelante en esta pregunta: "¿Tiene un hijo menor de edad, no emancipado, una causa de acción bajo el artículo 1802 del Código Civil, en contra de su padre por los daños y perjuicios sufridos como consecuencia de la culpa de este último?" Es ésa, a su juicio, "la cuestión primordial a resolver...". El problema queda puntualizado con mayor precisión, justificado por lo que revelan los autos, si se expone, como lo hacemos en la siguiente interrogación: ¿Puede una hija menor, no emancipada, instar acción contra su padre, por los daños ocasionádosle por

éste, al matar a la madre, mediante un acto de carácter delictivo, estando la madre y el padre divorciados y separados, y la hija bajo el cuidado y custodia de la madre, sin llevar relaciones de familia con el padre? El apelante es de opinión que la respuesta la da, en sentido negativo, la decisión de esta Corte en *Guerra* v. *Ortiz*, supra.

En ese caso, un hijo menor, no emancipado, que vivía con sus progenitores, en el seno de la familia, demandó al padre y a una compañía de seguros, en cobro de indemnización por daños y perjuicios, porque mientras viajaba en un automóvil conducido por el padre, por negligencia de éste, al manejarlo a excesiva velocidad y sin tomar las debidas precauciones, sufrió la fractura del brazo izquierdo. La sentencia del tribunal a quo, favorable al actor, fué revocada, dándole esta Corte aplicación a la doctrina de que es contrario a la política pública que favorece la unidad de la familia y la tranquilidad y disciplina en el hogar, el permitir acciones de hijos contra padres, encaminadas a obtener indemnización por perjuicios sufridos por los primeros, como secuela de actos u omisiones negligentes o tortíceros de los segundos. Al darle allí acogida a esa doctrina, lo hicimos acertadamente, porque habiendo unidad familiar que proteger y relaciones paternofiliales que conservar, permitir que la acción tuviera éxito, hubiera sido contrario a y en detrimento y menoscabo de la política pública a que hemos aludido. No fué ciertamente nuestra intención el enunciarla como norma absoluta, para concederle inmunidad a los padres contra acciones de los hijos basadas en culpa o negligencia, por la sola circunstancia del nexo natural que les une, sin estar justificada la inmunidad por consideraciones de orden público. El principio que prohíbe tales acciones no es, se ha dicho, "producto de una inhabilidad inherente del hijo para demandar al padre, estando más bien basada en el interés que tiene la sociedad en preservar la armonía en las relaciones domésticas".

Estamos plenamente convencidos de que incurriríamos en grave error si la aplicáramos al caso de autos. Entre el problema resuelto en *Guerra* v. *Ortiz*, supra, y el que se nos llama a decidir en el presente litigio, existe honda diferencia, que es perfectamente obvia. No tiene aquí justificación alguna la contención de que el reconocerle a la hija el derecho a recobrar indemnización de su padre, que le privó de la compañía, ayuda y cuidados de la madre, sería contrario a la política pública, puesto que la unidad de la familia, y las relaciones paterno-filiales han desaparecido, y como cuestión de realidad, no existían desde mucho antes de morir la madre, que estaba divorciada del padre, estando limitadas las relaciones de éste con la hija, que vivía con aquélla, bajo su custodia y potestad, a pasarle una pensión alimenticia para el logro de la cual, entre paréntesis, fué necesaria la intervención judicial.

Es evidente que en *Guerra* v. *Ortiz*, supra, había algo efectivo que conservar, mediante la aplicación de dicha doctrina, algo cuya destrucción debía evitarse, no solamente en bien del hijo, sí que en provecho del orden social. A cambio de ello, el exigir al allí demandante que renunciara a reclamar del padre una indemnización, tenía plena justificación. ¿Pero qué hay aquí que pueda salvarse en aras de la política pública, y que pueda ofrecérsele a la hija en sustitución de su reclamación contra el padre? Decirle que no puede solicitar y obtener indemnización pecuniaria del apelante, equivaldría a darle aplicación al principio, sin base alguna, extendiendo su alcance hasta rebasar desmesuradamente los límites impuestos por los motivos que lo inspiran, perpetrando así una injusticia, sin razón de orden jurídico para vindicarla. La doctrina que no permite que los hijos demanden a sus padres en cobro de indemnización, por culpa o negligencia, puede en ocasiones, dar lugar a consecuencias rigurosas y duras, y su alcance no debe ser ampliado más allá de los límites sancionados por las razones que le dan justificación y respaldo.

En vista de los hechos de este caso, carece de valor el argumento de que debe negársele a la hija el derecho a recobrar indemnización, porque el padre "en el futuro podría recobrar la patria potestad y la custodia de su hija-demandante", e igualmente está desprovisto de méritos el argumento de que si la hija "por cualquier eventualidad falleciese", el apelante, "sería su heredero único y en tal caso vendría a adquirir precisamente los bienes que, de sostenerse esta sentencia, tuviese que pagar a la hija demandante". Esas contingencias, más o menos remotas, no pueden servir de fundamento para derrotar la acción, cuando no hay base para invocar el principio que sirvió de fundamento a nuestra decisión en *Guerra* v. *Ortiz*, supra.

■ Tiene razón el apelante al sostener que "la causa de acción por muerte ilegal que los herederos de un finado pueden ejercitar contra el causante de la muerte no es parte de la herencia de la persona fallecida", *Díaz* v. *Autoridad de Fuentes Fluviales*, 71 D.P.R. 931; *Travieso* v. *Del Toro y Travieso, Int.*, 74 D.P.R. 1009. Pero el haber dicho lo contrario el tribunal a quo, carece de importancia, en vista de que también llegó a la conclusión de que la demandante tenía derecho a recobrar indemnización, de acuerdo con el art. 1802, supra. De todos modos, la apelación se da contra la sentencia y no contra sus razonamientos. *Latorre* v. *Cruz*, 67 D.P.R. 743; *Hernández* v. *Caraballo*, 74 D.P.R. 29.

■■ Se le atribuye error a dicho tribunal en el segundo apuntamiento "al desestimar la defensa formulada por el demandado en su contestación al efecto de que la demanda, en su segunda causa de acción, no contiene hechos suficientes para la concesión de remedio alguno a la demandante". La contención del apelante es que la acción de daños y perjuicios por muerte ilegal nace de las disposiciones del art. 1802 al efecto de que "El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño", y que "siendo indispensable la alegación de que la muerte tuvo como causa próxima la culpa o negli-

gencia de la persona que la ocasionó", la citada causa de acción es fatalmente defectuosa por falta de esa alegación.

La demandante alegó que "La muerte de Iris Nereida Hernández se debió a estrangulación causada por el demandado Ramón Antonio Fournier mediante el uso de fuerza o violencia y su cadáver fué sepultado, secretamente por el propio demandado en una fosa clandestina en el Cementerio Fournier". Esa alegación es suficiente para imputar al apelante el haber causado la muerte de la madre de la demandante, mediante un acto culposo. De haber sido inadecuada, el defecto hubiera quedado subsanado por la prueba. *Sosa* v. *Autoridad Mpal. de Hogares*, 72 D.P.R. 817. El caso de *Méndez* v. *Serracante*, 53 D.P.R. 849, citado por el apelante, puede distinguirse fácilmente del de autos.

■ Se apunta como error en el tercer señalamiento que la suma de $25,000, concedida por concepto de indemnización es excesiva, y en el cuarto, que no procede la imposición del pago de honorarios de abogado, porque en vista de la decisión en *Guerra* v. *Ortiz*, supra, no fué temerario el apelante al oponerse a las pretensiones de la demandante, y que en todo evento, resulta excesiva la cantidad de $2,500, fijada por tal concepto. Discrepamos. Los errores que se atribuyen al tribunal sentenciador no fueron cometidos.

El error señalado por la demandante en apoyo de su recurso, es el de haberse limitado la cuantía de la indemnización a $25,000, sosteniendo que debemos aumentarla sustancialmente. Ninguna suma de dinero puede compensarla debidamente por la pérdida de la madre, pero ya que hay que fijar una indemnización, no podemos decir que incurriera en error el tribunal de instancia al concederle la que impugna por inadecuada.

*La sentencia apelada deberá ser confirmada.*

El Juez Asociado Señor Marrero no intervino.