LA SOCIEDAD LEGAL DE GANANCIALES constituida por JULIO QUINTANA MARTÍNEZ y MONSERRATE LEÓN GARCÍA, ET AL., demandantes y recurridos, *v.* HORTENSIO VALENTÍN, NATIONAL BISCUIT COMPANY y LUMBERMAN'S MUTUAL INSURANCE COMPANY, demandados y recurrentes.

*Número:* R-70-141      *Resuelto:* 29 de junio de 1970

*Hartzell, Fernández, Novas & Ydrach* y *José Luis Novas Dueño,* abogados de los recurrentes; *Héctor Lugo Bougal, Delia María Auffant* y *Delia Lugo Bougal,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

En 3 de junio de 1970 el Tribunal dictó la siguiente Resolución:

"Vista la anterior solicitud de revisión, apareciendo de los autos que la Sala sentenciadora entendió que en este accidente la parte demandada había incurrido en culpa en sólo un 60%, y habiendo concedido la Sala sentenciadora una indemnización de $33,000 a base de $10,000 para cada uno de los padres y $1,000 para cada uno de 13 hermanos, se concede a la parte recurrida un término que vencerá el 15 de junio de 1970 para que muestre causas por las cuales, conforme a nuestras decisiones, no deba modificarse dicha sentencia reduciendo la responsabilidad de la parte demandada a un 60% de los daños en la proporción en que fueron concedidos o sea, a un 60% de las cantidades de $10,000 concedidas a cada uno de los padres y a un 60% de las cantidades de $1,000 concedidas a cada uno de 13 hermanos para una responsabilidad total de $19,800; y así modificada, confirmarse dicha sentencia."

Compareció por escrito la parte recurrida en cumplimiento de dicha Resolución a contestar la orden. Como cues-

tión de realidad, en su comparecencia los recurridos discuten la improcedencia de la imprudencia concurrente que determinó la Sala sentenciadora. Invocan además lo resuelto por este Tribunal en los casos de *Torres* v. *A.F.F.*, 94 D.P.R. 314 (1967) y *Serralta* v. *Martínez Rivera*, 97 D.P.R. 466 (1969).

Esta es una acción de daños y perjuicios por la muerte de un niño pequeño. La Sala sentenciadora determinó que en el accidente de automóvil que causó la muerte hubo negligencia tanto por parte del conductor como por parte de la madre del niño, al permitir que se saliera de su inmediata presencia y supervisión y que cruzara la carretera.

Evaluando las correspondientes negligencias, la Sala sentenciadora fijó en un 60% la del conductor del vehículo y en un 40% la de la madre del niño por su falta de atención y cuidado.

Por la muerte del niño la Sala sentenciadora concedió $10,000 a cada uno de sus padres y $1,000 a cada uno de 13 hermanos que demandaron por dicha muerte, para un total de $33,000, monto de la adjudicación. Consideró la Sala, no obstante, que los $10,000 adjudicados a la madre debían reducirse en un 40% por razón de su negligencia y a ella le concedió sólo $6,000.

■ Los recurrentes en este caso son los demandados. No podemos considerar en este recurso el planteamiento de los demandantes recurridos en contestación de nuestra orden, al efecto de que no existió imprudencia concurrente de la madre ya que ellos no solicitaron revisión de esa parte de la sentencia que no les favorecía.

■ En lo referente a la manera en que la Sala sentenciadora fijó las cantidades, hubo error. El derecho del padre y de los hermanos del niño fallecido a reclamar indemnización contra los demandados surge exactamente del mismo acontecimiento que daba también derecho a la madre a reclamar. Así, al determinar la Sala sentenciadora que la negligencia de los demandados fue responsable del accidente

en sólo un 60%, los demandados no vienen obligados a responder por dicho accidente en cantidad alguna en exceso del 60% de los daños determinados, conforme al criterio reparador del Art. 1802 del Código Civil, ed. 1930. La base para aplicar la norma de imprudencia concurrente es el conjunto de daños producidos por un accidente mediando la culpa o negligencia del Art. 1802, restándole a dicho conjunto de daños aquello que no es imputable al actor cuando la culpa no es sólo del actor, y se divide entre éste y la parte reclamante. La base no es la parte alícuota que pueda corresponder, en ese conjunto de daños, a distintos demandantes con derecho a reclamar. Es sobre el daño causado en un accidente, no sobre tal parte alícuota, que opera la norma de la concurrencia de culpas.

El caso de *Torres* v. *A.F.F.*, supra, invocado por los demandantes-recurridos, envuelve una situación distinta a la del caso de autos. En el de *Torres*, la Sala sentenciadora resolvió que unas lesiones habían sido la consecuencia de la negligencia concurrente de la niña lesionada y demandante, y de la A.F.F. y de un tercero que no era parte en la acción. Determinó que dicha imprudencia concurrente lo había sido en la proporción de una tercera parte a cada uno. Al fijar la cuantía de indemnización a la niña allí demandante, la Sala sentenciadora le concedió sólo una tercera parte de los daños determinados.

Independientemente de que llegamos a la conclusión de que la niña allí no había incurrido en negligencia alguna, dijimos:

"Antes de considerar si hubo o no concurrencia de culpa por parte de la niña con la parte contraria en el pleito, o sea la Autoridad demandada, se cometió un error obvio que amerita ser corregido. La Sala hizo recaer el peso de la culpa que adjudicó a Abad Rodríguez sobre la niña y en descargo de la Autoridad. Como cuestión económica, según se dictó la sentencia, ella está pagando no sólo por la culpa que se le imputó

sino también por la culpa de Abad. Abad nunca estuvo en el pleito. No fue oído ni vencido en juicio, por lo que la adjudicación de culpa hecha en su contra en nada le obliga, ni con la demandante para exigirle ésta compensación en el pleito, ni con la Autoridad para responderle a ésta. Abad Rodríguez no fue hecho parte codemandada junto a la Autoridad. De haberlo sido, acorde con las conclusiones de la Sala él le hubiera respondido a la demandante de la totalidad de la compensación como un co-causante con la Autoridad del daño, de igual modo que la Autoridad también le respondía de la totalidad como co-causante, excepto en uno y otro caso, en aquella parte que se atribuyera a la culpa concurrente de la niña. La obligación de dos o más deudores por sentencia en caso de responsabilidad como co-causantes de un daño es solidaria. *Rivera* v. *Great Am. Indemnity Co.*, 70 D.P.R. 825 (1950) ; *Prado* v. *Quiñones*, 78 D.P.R. 322 (1955). Cf.: *García* v. *Gobierno de la Capital*, 72 D.P.R. 138 (1951); *Ginés Meléndez* v. *Autoridad de Acueductos*, 86 D.P.R. 518 (1962); *Cortijo Walker* v. *A.F.F.*, 91 D.P.R. 574 (1964); *Vda. de Andino* v. *A.F.F.*, 93 D.P.R. 170 (1966).

No siendo Abad Rodríguez parte codemandada, la Autoridad, si quería defenderse de su culpa o aprovecharse de ella, debió haberlo hecho tercero demandado, bajo el mecanismo que ofrece la Regla 12.1 de Procedimiento Civil."

■ Lo anteriormente expresado no rige una situación de hecho y de derecho como la del caso presente. En *Torres*, un co-causante del daño pretendía favorecerse con la negligencia de otro co-causante a quien no hizo parte, y el Tribunal así le benefició cargándole la negligencia de esa otra persona a la menor lesionada. Pero bajo la doctrina de la imprudencia concurrente, no se hizo responsable a la allí demandada en suma mayor a lo que debía responder. Era más bien un problema entre dos co-causantes de un daño, en cuanto al descargo entre ellos de sus responsabilidades solidarias para con la reclamante. Aquí, el problema dentro de la imprudencia concurrente surge entre los demandantes y los demandados, y conforme a lo dicho, y bajo el Art. 1802 del Código Civil, los demandados no responden por los daños en exceso de su grado de culpa.

260

En *Serralta* v. *Martínez Rivera*, supra, tampoco existía una situación como la de este caso y en él nos limitamos a citar, por vía de argumentación, las expresiones hechas en la decisión de *Torres* v. *A.F.F.*

Por los fundamentos antes expresados *se expide el auto de revisión limitado al monto pecuniario de la responsabilidad de los demandados recurrentes, y se dictará sentencia modificando la dictada por la Sala de Ponce del Tribunal Superior en 20 de febrero de 1970 en los términos que aparecen de nuestra Resolución de 3 de junio de 1970 antes transcrita, y así modificada, se confirmará.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Rigau, no intervinieron.