EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Vilma Colón Santos, William Marcano Serrano, por sí y en representación de su hijo menor de edad B.M.C. y su Sociedad de Bienes Gananciales <br>      Peticionarios <br><br>                vs. <br><br> Cooperativa de Seguros Múltiples de Puerto Rico; José P. Rosario, Joanne A. Jovet; Asociación de Condóminos Condominio Plaza del Parque; MAFRE/PRAICO y National Insurance Company <br>      Recurridos | Certiorari <br><br> 2008 TSPR 32 <br><br> 173 DPR _____ |

Número del Caso: CC-2006-1033

Fecha: 25 de febrero de 2008

Tribunal de Apelaciones:

        Región Judicial de Carolina

Juez Ponente:

        Hon. Jorge L. Escribano Medina

Abogados de la Parte Peticionaria:

        Lcdo. Enrique J. Mendoza Méndez
        Lcdo. Roberto Schmidt Monge

Abogados de la Parte Recurrida:

        Lcda. Dora P. Morales Padró
        Lcda. Ivette M. Berríos Hernández
        Lcdo. Miguel Colón Hernández
        Lcda. Brunilda M. Figueroa Nater


Materia: Daños y Perjuicios


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Vilma Colón Santos, William Marcano Serrano, por sí y en representación de su hijo menor de edad B.M.C. y su Sociedad de Bienes Gananciales<br><br>Peticionarios<br><br>v.<br><br>Cooperativa de Seguros Múltiples de Puerto Rico; José P. Rosario Soto, Joanne A. Jovet; Asociación de Condóminos Condominio Plaza Del Parque; MAPFRE/PRAICO y National Insurance Company<br><br>Recurridos | CC-2006-1033 |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

En San Juan, Puerto Rico, a 25 de febrero de 2008

En esta ocasión debemos determinar si procede el pago de la totalidad de la indemnización a un menor que ha sufrido daños a raíz de un accidente donde intervino la negligencia de su progenitor. Resolvemos en la negativa.

Examinemos los hechos que originan la presente controversia.

I.

El 9 de agosto de 2002 el menor B.M.C., quien para esa fecha contaba con tres (3) años de edad, fue atropellado por el señor José P. Rosario Soto en la vía principal del Condominio Plaza del Parque ubicado en el municipio de Trujillo Alto, donde ambos residían. De acuerdo con las

determinaciones de hechos del Tribunal de Primera Instancia, el niño se encontraba jugando en el área de recreación pasiva del complejo residencial bajo la supervisión de su padre, el señor William Marcano Serrano. Este último se apartó momentáneamente del área de juegos para conversar con un vecino que se había estacionado en la calle frente al parque. Entretanto, el niño intentó cruzar la vía principal para dirigirse hasta donde se encontraba su padre. Es en ese momento que el señor Rosario Soto lo impacta con su vehículo de motor. Al escuchar el golpe, el señor Rosario Soto retrocedió la marcha de su vehículo, pasando por encima de las piernas del menor, quien se encontraba tendido boca abajo en el suelo. Al momento del accidente, la madre del menor se encontraba en el balcón de su apartamento, ubicado cercano al parque, conversando con una vecina.

Inmediatamente después del accidente, el señor Marcano Serrano recogió al niño y lo llevó hasta su apartamento para limpiarle las heridas del rostro. El propio señor Rosario Soto los transportó hasta el Hospital Auxilio Mutuo donde brindaron cuidado médico al menor.

A raíz de estos hechos, el 12 de septiembre de 2002 los señores William Marcano Serrano y Vilma Colón Santos, compareciendo por sí y en representación de la sociedad legal de gananciales por ellos compuesta y del menor B.M.C., presentaron la demanda de daños y perjuicios de epígrafe en contra del señor José P. Rosario Soto, la señora Joanne Jovet

Le Hardy[1] y la Cooperativa de Seguros Múltiples. Alegaron que el señor Rosario Soto había atropellado al menor mientras conducía el vehículo propiedad de la co-demandada Joanne Jovet Le Hardy, a favor del cual existía una póliza de seguro de la Cooperativa. Sostuvieron que el accidente se debió a la exclusiva culpa y negligencia del señor Rosario Soto quien conducía descuidadamente y sin observar las debidas precauciones. Alegaron que el menor había sufrido daños físicos y morales valorados en $300,000.00 y estimaron sus propios daños por concepto de sufrimientos e ingresos dejados de percibir en $100,000.00.

Los demandados contestaron la demanda aceptando la ocurrencia del accidente pero negando que el mismo fuera producto de la exclusiva culpa y negligencia del señor Rosario Soto. Alegaron, en cambio, que el accidente se debía a que el niño había cruzado súbitamente la carretera por no estar debidamente supervisado por sus padres.

Los demandados también presentaron una demanda contra tercero en contra de la Asociación de Condóminos del Condominio Plaza del Parque, su aseguradora MAPFRE/PRAICO y la compañía de seguridad del Condominio, S.O.S. Security Services. Alegaron que los terceros demandados habían contribuido a la ocurrencia del accidente al no instalar suficientes reductores de velocidad ni rotulación, además de que el guardia de seguridad no había controlado adecuadamente

---

[1] Originalmente, se incluyó en la demanda a la sociedad legal de gananciales por ellos compuesta pero luego trascendió que los señores Rosario y Jovet no estaban casados entre sí, por lo que éstos comparecieron individualmente.

el flujo vehicular en el área. La Asociación de Condóminos y MAPFRE/PRAICO contestaron la demanda contra tercero negando las alegaciones de negligencia en su contra, aunque aceptaron la ocurrencia del accidente. Formularon además una reconvención en contra de los señores Rosario y Jovet y de la Cooperativa de Seguros Múltiples, aduciendo que el accidente se debía a su exclusiva negligencia.

La demanda contra tercero fue enmendada posteriormente a los únicos fines de incluir como demandada a National Insurance Company, también aseguradora del Condominio. Al contestar la demanda contra tercero enmendada, la Asociación y MAPFRE/PRAICO incluyeron una alegación de negligencia en contra de los demandantes y reiteraron su reconvención en contra de los señores Rosario y Jovet y de la Cooperativa de Seguros Múltiples.

Por su parte, los demandantes presentaron una Primera Demanda Enmendada con el fin de incluir como demandados directos a la Asociación de Condóminos y sus aseguradoras, MAPFRE/PRAICO y National Insurance. Tanto los demandados originales como la Asociación de Condóminos y sus aseguradoras contestaron la demanda enmendada y reconvinieron en contra de los demandantes.

Finalmente, el Tribunal de Primera Instancia celebró el juicio en su fondo. La parte demandante presentó el testimonio de tres (3) peritos especializados respectivamente en cirugía ortopédica y reconstructiva, psicología clínica y cirugía plástica. Los padres del menor testificaron en

relación con sus propios daños y además presentaron el testimonio de la señora Silvette de Courceuil Pérez quien al momento de los hechos fungía como administradora del Condominio Plaza del Parque.[2]  Los codemandados presentaron, por su parte, el testimonio de la señora Luana Pérez, presidente de la Asociación de Condóminos de dicho condominio al momento de los hechos y el del señor Emilio Román Muñoz, guardia de seguridad en funciones al momento del accidente.

Celebrado el juicio en su fondo, el Tribunal de Primera Instancia dictó sentencia declarando con lugar la demanda de daños presentada por el menor en contra de los señores Rosario y Jovet y de la Cooperativa de Seguros Múltiples. Valoró los daños físicos sufridos por éste en $50,000.00 y concluyó que el señor Rosario Soto había incurrido en un 50% de negligencia.  El restante 50% de responsabilidad lo imputó a los padres del menor.  Por tal razón, redujo proporcionalmente la compensación del menor a $25,000.00.

En relación con las demandas en contra de la Asociación de Condóminos y sus aseguradoras y de la compañía S.O.S. Security Services, el tribunal decretó la desestimación de las mismas por no hallar prueba que sustentara una determinación de responsabilidad en contra de dichos

---

[2] Cabe señalar que el testimonio de la señora Silvette de Couceuil Pérez fue presentado por la parte demandante luego de que las co-demandadas Asociación de Condóminos y sus aseguradoras renunciaran a éste y lo pusieran a la disposición de las demás partes en el pleito.  Dichas co-demandadas fueron excusadas de comparecer al resto de los procedimientos una vez presentaron una moción de desestimación al cabo de la prueba cuyo fallo el Tribunal se reservó hasta el momento de dictar sentencia.

demandados.   De la misma manera, el Tribunal de Primera Instancia desestimó la causa de acción de los padres del menor.   Finalmente, el Tribunal consignó que dictaba la sentencia sin la especial imposición del pago de costas, gastos u honorarios de abogados.

El Tribunal de Apelaciones confirmó dicha sentencia en todos sus aspectos.   Inconforme aún, la parte demandante comparece ante este foro alegando la comisión de los siguientes errores:

> Err[aron] el Tribunal de Instancia y el Tribunal de Apelaciones al imputarle al menor [] la negligencia de sus padres y reducir los daños adjudicados a su favor.
>
> Err[aron] el Tribunal de Instancia y el Tribunal de Apelaciones al desestimar las acciones de los padres.
>
> No procede imputarle negligencia a la madre y el grado imputado al padre debe ser menor, si acaso.
>
> Err[aron] el Tribunal de Instancia y el Tribunal de Apelaciones al desestimar las acciones contra el Condominio, MAPFRE/PRAICO y National Insurance Company.
>
> Err[aron] el Tribunal de Instancia y el Tribunal de Apelaciones al no imponer costas y honorarios de abogados.

El 9 de marzo de 2007 expedimos el recurso de *certiorari* presentado y con el beneficio de la comparecencia de las partes en el litigio procedemos a resolver.

## II.

### A.

Como sabemos, en nuestro ordenamiento, la responsabilidad civil extracontractual emana del artículo

1802 del Código Civil que a tales efectos dispone que "el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado". 31 L.P.R.A. sec. 5141. Como se desprende del propio texto citado, para que prospere una acción por daños y perjuicios bajo dicho precepto es necesario que se pruebe la ocurrencia de una acción u omisión culposa o negligente que ocasiona un daño y la existencia del nexo causal entre ambos.

El resto del artículo 1802 del Código Civil establece que "la imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización". 31 L.P.R.A. sec. 5141. Se trata de la codificación de la defensa de negligencia comparada incorporada al texto del artículo 1802 mediante la Ley número 28 de 9 de junio de 1956 y cuyo efecto es atenuar la responsabilidad de la parte demandada de acuerdo al grado de negligencia desplegado por la parte demandante que contribuye a la producción de sus propios daños. *Velázquez v. Ponce Asphalt*, 113 D.P.R. 39, 47 (1982); *Quiñones López v. Manzano Pozas*, 141 D.P.R. 139 (1996). Es decir, dicha defensa no exime de responsabilidad a la parte demandada, sino que sólo reduce la misma.

En casos donde existe una alegación fundamentada de negligencia comparada, el tribunal viene llamado a "individualizar las indemnizaciones por daños, colocando el rigor económico en las partes conforme a la proporción de su descuido o negligencia". H.M. Brau Del Toro, *Los Daños y*

*Perjuicios Extracontractuales en Puerto Rico*, San Juan, Publicaciones JTS, Inc., 1986, vol. I, pág. 410. Así, el juzgador debe determinar el monto de la compensación y el porciento de responsabilidad que corresponde a cada parte, restando de la compensación total la fracción de responsabilidad correspondiente a la parte demandante. En esta tarea, el juzgador debe analizar todos los hechos y circunstancias particulares de cada caso, *Velázquez v. Ponce Asphalt*, *supra*, pág. 47, y hacer referencia a precedentes o guías comparables que sirvan como base para la distribución de responsabilidad en el caso ante su consideración. *Méndez Purcell v. A.F.F.*, 110 D.P.R. 130, 136 (1980).

En su recurso de revisión, la parte peticionaria argumenta que la imputación de 50% de responsabilidad a los padres del menor B.M.C. es excesiva. Tienen razón. Como hemos señalado, al fijar la fracción de responsabilidad correspondiente a cada parte en un pleito de daños, el juzgador debe analizar la totalidad de las circunstancias de cada caso y hacer referencia a los precedentes con hechos similares.

Analizados los hechos de este caso, entendemos que el mismo es comparable con *Ramos Acosta v. Caparra Dairy*, 113 D.P.R. 357 (1982). Allí se impuso un 30% de responsabilidad a la madre de un niño que murió mientras jugaba, al ser arrollado por un camión perteneciente a la compañía demandada. Se desprende de los hechos allí reseñados, que el niño estuvo jugando sin supervisión en la calle donde ocurrió

el accidente durante un periodo de aproximadamente cuarenta y cinco (45) minutos.

En el presente caso, el niño B.M.C. se encontraba jugando en el área recreativa de su condominio **bajo la supervisión de su padre** quien se descuidó **momentáneamente** para conversar con un vecino que transitaba por la calle frente al parque. De ello podemos derivar primeramente, que a la madre del niño no le es imputable ningún grado de negligencia, toda vez que al momento del accidente el menor se encontraba bajo el cuido y supervisión de su padre. Además, entendemos que no procede imputarle un grado mayor de negligencia al señor Marcano Serrano que aquél imputado a la madre de la víctima en *Ramos Acosta v. Caparra Dairy*, *supra*. Tomando dicho precedente en consideración y analizada la totalidad de las circunstancias, entendemos que al señor William Marcano Serrano le es imputable sólo un 15% de responsabilidad por los daños sufridos por su hijo a raíz del accidente ocurrido el 9 de agosto de 2002.

De la misma manera, entendemos que erró el Tribunal de Primera Instancia al desestimar la causa de acción de los padres del menor, basándose exclusivamente en el hecho de que éstos fueron en parte responsables de la ocurrencia del acto dañoso. Como hemos señalado, el propio texto del artículo 1802 del Código Civil establece que la imprudencia concurrente del perjudicado no exime de responsabilidad al demandado, sino que conlleva la reducción de la indemnización. 31 L.P.R.A. sec. 5141. En el presente caso,

los padres del menor accidentado testificaron durante el juicio celebrado ante el Tribunal de Primera Instancia. De la transcripción de la prueba surge que éstos describieron los daños por concepto de sufrimientos, angustias mentales e ingresos dejados de percibir que sufrieron a raíz del accidente. Es decir, sustentaron las alegaciones que a tales efectos incluyeron en su demanda. Por lo tanto, no procedía desestimar su causa de acción sólo por el hecho de que desplegaron algún grado de negligencia.

B.

No habiendo controversia en relación con el monto de la indemnización de $50,000.00 concedida al menor, procedemos a considerar el argumento de los peticionarios a los efectos de que la reducción de dicha cuantía en proporción al grado de culpa de los padres, según practicada por el tribunal de instancia, tiene el efecto de imputar la negligencia de los progenitores al menor.

En múltiples ocasiones hemos establecido que a un niño pequeño "no se le puede imputar responsabilidad por sus actos u omisiones porque carece de prudencia, atención y discreción…". *Laureano Pérez v. Soto*, 141 D.P.R. 77, 91 (1996). *Véase además*, *Cruz v. Rivera*, 73 D.P.R. 682, 692-93 (1952). Ello no impide, sin embargo, que se realice una alegación de negligencia comparada en contra de los padres del menor cuando éstos puedan ser responsables, en todo o en parte, de la ocurrencia del acto dañoso. Es en estos casos que la doctrina de negligencia comparada adquiere un matiz

diferente, particularmente en relación con el pago de la compensación. Este tipo de controversia ha sido objeto de múltiples pronunciamientos de esta Curia cuyo análisis es imprescindible para la resolución de la presente controversia. Veamos.

La problemática fue atendida por primera vez en *Quintana v. Valentín*, 99 D.P.R. 255 (1970). Allí, un niño murió arrollado al cruzar una carretera súbitamente. Su madre, padre y hermanos reclamaron indemnización por concepto de sus propios daños y perjuicios, sufridos a raíz del accidente. Se imputó un 40% de negligencia a la madre del niño por permitir que éste saliera de su inmediata presencia y supervisión. En cuanto al pago de la indemnización concedida resolvimos que el demandado no debía responder a ninguno de los demandantes en exceso del 60% de responsabilidad que le fue imputado, aun cuando ni a dichos demandantes —a excepción de la madre— ni al menor fallecido se hubiera imputado algún grado de negligencia. Expresamos en esa ocasión que "los demandados no responden por los daños en exceso de su grado de culpa". *Id*. en la pág 259. También expresamos que es sobre la totalidad de la cuantía de daños y no sobre la parte alícuota correspondiente a cada uno de los demandantes que debe calcularse la proporción de la concurrencia de culpas. *Id*. en la pág. 258.

Posteriormente, en *Torres Pérez v. Medina Torres*, 113 D.P.R. 72 (1982), revocamos la normativa de *Quintana v. Valentín, supra*. En este caso, una niña fue arrollada por un

camión de helados. Se concluyó que la madre de la niña tenía un 50% de responsabilidad por permitir a la menor cruzar una calle sin supervisión. A diferencia de *Quintana*, en *Torres Pérez* concluimos que tanto la niña, víctima directa del accidente a quien, por su corta edad, no se podía imputar responsabilidad por sus actos; como su padre, quien no se encontraba presente al momento de los hechos y, por lo tanto, no fue negligente, tenían derecho a cobrar el 100% de su indemnización. Nada se dijo en esa ocasión de las consecuencias que tal conclusión acarrearía para la causa de acción de la madre.

Este último aspecto fue atendido en *Ramos Acosta v. Caparra Dairy*, 116 D.P.R. 60 (1985). En dicho caso, cuyas circunstancias ya hemos reseñado, se imputó a la madre del menor un 30% de negligencia. Concluimos que el demandado debía responder al padre y hermanos de la niña por el monto total de sus daños, toda vez que a éstos no podía imputársele negligencia bajo las circunstancias del caso. Sin embargo, dispusimos que dicho demandado podría descontar de la compensación adjudicada a la madre del menor el 30% en exceso de su porciento de responsabilidad pagado a los demás codemandantes.

Posteriormente atendimos *Molina, Caro v. Dávila Padilla*, 121 D.P.R. 362 (1988), caso en el cual una adolescente de diecisiete (17) años de edad fue atropellada por un automóvil mientras cruzaba una carretera. Concluimos que la adolescente había sido responsable en un 60% de sus propios

daños.  La controversia giró en torno a si la madre de la menor podría cobrar la totalidad de sus propios daños. Resolvimos en la afirmativa, amparados en el principio de *Torres Pérez v. Medina Torres*, *supra*.

El más reciente de nuestros pronunciamientos en esta materia fue realizado en *Miranda v. E.L.A.*, 137 D.P.R. 700 (1994).  En *Miranda*, los causahabientes de un adulto que murió a raíz de un accidente automovilístico presentaron una demanda de daños y perjuicios en contra de varias entidades gubernamentales.  El tribunal responsabilizó solidariamente a la Autoridad de Acueductos y Alcantarillados, la Autoridad de Carreteras y sus aseguradoras por el 50% de los daños causados.  El restante 50% de responsabilidad fue imputado a la víctima fatal del accidente.  Por consiguiente, el foro primario redujo en un 50% la cuantía de la indemnización de los demandantes quienes, a su vez, impugnaron dicho cómputo ante este foro.

En esa ocasión resolvimos que cuando la víctima de un accidente es causante de sus propios daños, a sus causahabientes se les reducirá su compensación en la proporción de la culpa de la víctima.  Ello, tanto en relación con la acción de daños heredada del patrimonio de la víctima, como en aquella que los causahabientes ejercitan por sus propios daños a raíz de la muerte de su pariente. Finalmente, revocamos la decisión de *Molina, Caro v. Dávila*, *supra*, y reinstalamos la interpretación de la doctrina de

*Quintana v. Valentín*, *supra*.  *Miranda v. E.L.A.*, *supra*, pág. 716.

En suma, en *Torres Pérez v. Medina Torres* y en los casos subsiguientes *Ramos Acosta v. Caparra Dairy* y *Molina, Caro v. Dávila Padilla*, estimamos procedente el pago completo de la indemnización a las partes a las que no se adjudicó ningún grado de culpa o negligencia.  Dicho proceder tiene como resultado el que el demandado luego repita en contra del codemandante que a su vez es cocausante del daño, el monto de la indemnización pagado a dichas partes en exceso del grado de culpa que se le ha imputado.

En *Ramos Acosta v. Caparra Dairy*, *supra*, por ejemplo, tal determinación conllevó que el demandado, en un ejercicio de nivelación, pudiera descontar de la indemnización concedida a la madre del menor accidentado –única demandante a quien se encontró parcialmente responsable de los daños producidos– el monto de dinero pagado al padre y a los hermanos codemandantes en exceso del 70% de responsabilidad adjudicado en su contra.  El efecto neto fue, por tanto, que indirectamente la madre de la víctima pagó una porción de la indemnización de su esposo y sus hijos.  Tal resultado contraviene los principios de política pública que subyacen a la doctrina de inmunidad interfamiliar según la cual están prohibidas en nuestro ordenamiento las acciones en daños entre los miembros del círculo íntimo de la familia.  Art. 1810-A Cc., 31 L.P.R.A. sec. 5150.[3]  *Véanse además, Guerra v.*

---

[3] Establece dicho artículo:

*Ortiz*, 71 D.P.R. 613 (1950); *Fournier v. Fournier*, 78 D.P.R. 430 (1955); *Drahus v. Nationwide Mutual Insurance Co.*, 104 D.P.R. 60 (1975); *Alonso García v. Ramírez Acosta*, 155 D.P.R. 91 (2001).

Ahora bien, para evitar tal resultado, en *Miranda v. E.L.A.*, *supra*, reestablecimos la normativa original expuesta en *Quintana v. Valentín*, *supra,* a los efectos de que el demandado no debe responder en exceso de su grado de culpa en un caso en el que la víctima mortal del accidente es un menor inimputable cuyos daños son causados, en parte, por un miembro de su círculo familiar íntimo. Procede, en este tipo de caso, disminuir la cuantía total de la indemnización concedida en proporción de la negligencia del codemandante culposo.

Resolvemos que dicha normativa se extiende a un caso donde el menor, víctima directa del hecho dañoso a quien no se puede imputar negligencia, figura como demandante junto a su padre, cocausante del daño. Es decir, en un caso donde un menor sufre daños en parte a causa de la culpa o negligencia de un miembro de su círculo familiar íntimo, procede descontar la proporción de negligencia de dicho familiar del monto total de los daños adjudicados a favor de la parte

---

Ningún hijo podrá demandar a sus padres en acciones civiles en daños y perjuicios cuando se afecte la unidad familiar, la institución de la patria potestad y las relaciones paterno-filiales. Disponiéndose, que dicha prohibición no será absoluta y podrá ejercitarse la acción en daños y perjuicios cuando no haya unidad familiar que proteger, ni relaciones paterno-filiales que conservar. 31 L.P.R.A. sec. 5150.

demandante.        Independientemente   de   que   ello   implique disminuir  la  indemnización  del  menor  que  sufrió  los  daños. Entendemos  que  esta  es  la  solución  más  justa  y  equitativa  que evita  una  posterior  acción  de  nivelación  de  la  parte demandada  en  contra  del  miembro  de  la  familia  del  menor  que haya  incurrido  en  negligencia.   Como  hemos  señalado,  el efecto  neto  de  dicha  acción  sería  que,  indirectamente,  los familiares   pagarían   una   porción   de   la   indemnización correspondiente  al  menor.   No  podemos  avalar  dicho  resultado que  operaría  en  contravención  a  los  postulados  en  que  se fundamenta  la  doctrina  de  inmunidad  interfamiliar.   No  se trata,  entonces,  de  imputar  la  negligencia  de  los  padres  al menor  inimputable,  sino  de  evitar  una  acción  de  nivelación que  contraviene  la  doctrina  de  inmunidad  interfamiliar.

En  el  presente  caso,  el  tribunal  de  instancia  estimó  los daños  sufridos  por  el  menor  B.M.C.  en  $50,000.00.   Además, hemos  determinado  que  el  padre  del  niño  incurrió  en  un  15%  de negligencia  en  la  producción  del  accidente,  mientras  que  el codemandado  José  P.  Rosario  Soto  es  responsable  del  restante 85%  de  los  daños.   En  vista  de  nuestros  pronunciamientos, procede  reducir  la  cuantía  de  la  indemnización  del  niño  en  un 15%.   Por  lo  tanto,  la  parte  demandada  viene  obligada  a pagarle  una  cantidad  neta  de  $42,500.00.   Igual  reducción deberá  llevarse  a  cabo  en  relación  con  la  indemnización  que, en  su  día,  se  determine  corresponda  a  los  señores  Marcano Serrano  y  Colón  Santos  por  concepto  de  sus  propios  daños.

**III.**

La parte peticionaria sostiene en su cuarto señalamiento que erraron los tribunales inferiores al desestimar su acción en contra de la Asociación de Condóminos del Condominio Plaza del Parque y sus aseguradoras. No le ampara la razón.

Del expediente surge que con posterioridad al accidente de B.M.C., la Asociación de Condóminos emitió una comunicación mediante la cual convocó a los residentes a una reunión para discutir alternativas de medidas de prevención de accidentes de tránsito en los predios del condominio. Igualmente, del testimonio de la señora Silvette de Courceuil Pérez, administradora del Condominio Plaza del Parque al momento de los hechos, surge que con posterioridad al accidente de B.M.C. ocurrió un incidente en que un conductor ebrio irrumpió en los predios del complejo, lo cual hizo temer por la seguridad de los niños que jugaban en los alrededores. Luego de este segundo incidente se añadieron dos reductores de velocidad al condominio. Además, la señora Luana Pérez, presidente de la Asociación de Condóminos del Condomino Plaza del Parque al momento de los hechos, testificó que antes y después del accidente de B.M.C. hubo incidentes con conductores que no observaban las medidas de seguridad del condominio.

Si bien esta evidencia tiende a demostrar la presencia de un elemento de previsibilidad, entendemos que los demandantes no lograron satisfacer su carga de la prueba en relación con el elemento de causalidad. Como sabemos, en

nuestro ordenamiento rige la teoría de la causalidad adecuada según la cual "no es causa toda condición sin la cual no se hubiera producido el resultado, sino la que ordinariamente lo produce según la experiencia general". *Pons Anca v. Egebretson*, res. 30 de septiembre de 2003, 2003 T.S.P.R. 150, 160 D.P.R. ____.   No encontramos evidencia en el expediente que demuestre un nexo causal entre las posibles actuaciones u omisiones culposas de la Asociación y el daño sufrido por el menor.   Específicamente, no se demostró que el accidente fuera producto del exceso de velocidad o de la falta de medidas de seguridad en el condominio.   Por lo tanto, no procede la imposición de responsabilidad en contra de dichos codemandados.

**IV.**

**A.**

Nos resta considerar el planteamiento de la parte peticionaria a los efectos de que erraron los tribunales inferiores al no conceder el pago de costas y honorarios de abogados a su favor.

En nuestro ordenamiento, la concesión de costas en el litigio está gobernada por la Regla 44.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, que en lo pertinente a la presente controversia dispone:

> (a)   *Su concesión*.-Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que se dispusiera lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la

tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que un litigante debe reembolsar a otro.

La parte interesada en recobrar los gastos necesarios incurridos en la tramitación del pleito debe presentar, en un término improrrogable de diez (10) días a partir de la notificación de la sentencia, un memorándum juramentado que incluya las partidas correspondientes. 32 L.P.R.A. Ap. III, R. 44.1 (b). "Si no hubiere impugnación, el tribunal aprobará el memorándum de costas, y podrá eliminar cualquier partida que considere improcedente, luego de conceder al solicitante la oportunidad de justificar la misma". 32 L.P.R.A. Ap. III, R. 44.1 (b).

En el presente caso, el menor B.M.C. resultó victorioso en su acción de daños y perjuicios en contra de la Cooperativa de Seguros Múltiples y los señores Rosario Soto y Jovet Le Hardy. En cumplimiento con la Regla 44.1 de Procedimiento Civil anteriormente citada, sus representantes legales sometieron a la consideración del Tribunal de Primera Instancia, dentro del término de diez (10) días reglamentario, un memorial de costas debidamente juramentado en el cual se detallan las partidas de gastos incurridos en la tramitación del pleito ascendentes a $5,229.65. Acompañaron el mismo de fotocopias de las facturas y cheques emitidos a tales efectos. Del expediente no surge que la parte demandada se haya opuesto oportunamente a dicho memorial. Por lo tanto, procede el pago de costas a favor de la parte demandante.

Cabe señalar que la Cooperativa de Seguros Múltiples alega que se liberó de su responsabilidad del pago de costas y honorarios de abogado al realizar una oferta de sentencia por el monto de la póliza –$25,000.00. Dicha oferta fue rechazada por la parte demandante.

La Regla 35.1 de Procedimiento Civil dispone a tales efectos que "[s]i la sentencia que obtuviere finalmente la parte a quien se le hizo la oferta **no fuera más favorable**, ésta tendrá que pagar las costas, gastos y honorarios de abogado incurridos con posterioridad a la oferta". 32 L.P.R.A. Ap. III, Regla 35.1. (énfasis suplido).

Como hemos visto, la conclusión a la que llegamos hoy en relación con la distribución de la responsabilidad entre las partes en litigio tiene como resultado el que proceda el pago de $42,500.00 a favor del menor B.M.C. Por lo tanto, nuestro dictamen es más favorable a la parte demandante que la oferta de sentencia que le realizó la Cooperativa de Seguros Múltiples la cual no es, entonces, óbice para la procedencia del pago de las costas del litigio a favor de la parte demandante.

B.

No podemos llegar a la misma conclusión en relación con el pago de honorarios de abogado. Es norma reiterada que, en nuestro ordenamiento, procede la imposición del pago de honorarios cuando una parte ha incurrido con temeridad o frivolidad en la tramitación del pleito. 32 L.P.R.A. Ap. III, R. 44.1(d). Hemos establecido que el concepto de

temeridad se refiere a las actuaciones de una parte que hacen necesario un pleito que se pudo evitar o que provocan la indebida prolongación del mismo. *Blás Toledo v. Hosp. La Guadalupe*, 146 D.P.R. 267, 335 (1998). La imposición de honorarios de abogado y su cuantía es una determinación discrecional del tribunal sentenciador, sólo revisable ante indicios de abuso de discreción por parte del juzgador. Sin embargo, una vez determinada la existencia de temeridad, la imposición del pago de honorarios de abogado es mandatoria. *Id.* en la pág. 334.

Luego de analizar el expediente del caso ante nuestra consideración, concluimos que la parte demandada no ha incurrido en temeridad en el trámite del mismo. La aseguradora tenía derecho a litigar el aspecto de negligencia comparada en el caso, así como a presentar las demandas contra terceros que, a su mejor entender, podían responderle por los daños reclamados en su contra. Por lo tanto, no abusó de su discreción el tribunal de instancia al negar la imposición del pago de honorarios de abogado.

## V.

En virtud de nuestros pronunciamientos y de los fundamentos que anteceden, procede modificar la distribución de responsabilidad y ordenar el pago de $42,500.00 al menor B.M.C. De la misma manera, se revoca la desestimación de la causa de acción de los padres del menor, los señores William Marcano Serrano y Vilma Colón Santos y la sociedad legal de gananciales compuesta por ambos y se devuelve el caso al foro

de instancia a los fines de determinar el monto de los daños sufridos por éstos a raíz del accidente en que resultó herido su hijo menor. Se ordena el pago de costas a favor de la parte demandante, las cuales deberá estimar el tribunal de instancia. Por último, se confirma la sentencia recurrida en cuanto a la desestimación de las causas de acción en contra de la Asociación de Condóminos del Condominio Plaza del Parque y sus aseguradoras, MAPFRE/PRAICO y National Insurance Company y la denegatoria de la imposición del pago de honorarios de abogados.

Se dictará sentencia de conformidad

Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Vilma Colón Santos, William Marcano Serrano, por sí y en representación de su hijo menor de edad B.M.C. y su Sociedad de Bienes Gananciales<br>        Peticionarios<br><br>                v.<br><br>Cooperativa de Seguros Múltiples de Puerto Rico; José P. Rosario Soto, Joanne A. Jovet; Asociación de Condóminos Condominio Plaza Del Parque; MAPFRE/PRAICO y National Insurance Company<br>        Recurridos | CC-2006-1033 |

SENTENCIA

San Juan, Puerto Rico, a 25 de febrero de 2008

En virtud de los pronunciamientos y de los fundamentos expresados en la Opinión que antecede, los cuales se incorporan íntegramente a la presente, se procede modificar la distribución de responsabilidad y se ordena el pago de $42,500.00 al menor B.M.C. De la misma manera, se revoca la desestimación de la causa de acción de los padres del menor, los señores William Marcano Serrano y Vilma Colón Santos y la sociedad legal de gananciales compuesta por ambos y se devuelve el caso al foro de instancia a los fines de determinar el monto de los daños sufridos por éstos a raíz del accidente en que resultó herido su hijo menor. Se ordena el pago de costas a favor de la parte demandante, las cuales deberá estimar el tribunal de instancia. Por último, se confirma la sentencia recurrida en cuanto a la desestimación de las causas de acción en contra de la Asociación de Condóminos del Condominio Plaza del Parque y sus aseguradoras, MAPFRE/PRAICO y National Insurance Company y la denegatoria de la imposición del pago de honorarios de abogados.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal. El Juez Asociado señor Rebollo López emite Opinión concurrente y disidente a la cual se le une la Jueza Asociada señora Fiol Matta.


                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Wilma Colón Santos, William
Marcano Serrano, por sí y
en representación de su hijo
menor de edad B.M.C., etc.

    Peticionarios

      vs.              CC-2006-1033    *CERTIORARI*

Cooperativa de Seguros
Múltiples de Puerto Rico;
José P. Rosario Soto, etc.

    Recurridos

OPINIÓN CONCURRENTE Y DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ A LA CUAL SE UNE LA JUEZ ASOCIADA SEÑORA FIOL MATTA

San Juan, Puerto Rico, a 25 de febrero de 2008

Aun cuando concurro con varias de las determinaciones que contiene la Opinión mayoritaria --a las cuales haremos referencia más adelante-- disiento vehementemente de la determinación central de la referida ponencia, la cual considero no sólo incorrecta en derecho si no que injusta.

I

La norma correcta y vigente en nuestra jurisdicción respecto al asunto hoy ante nuestra consideración es a los efectos de que cuando el tribunal entiende que el demandante perjudicado o

la víctima que falleció --quien es considerado como "adulto" a los fines de la posible imposición de negligencia concurrente-- efectivamente incurrió en negligencia en el accidente o suceso por el cual se demanda, y le impone a éste como consecuencia de ello un por ciento específico de negligencia, dicho por ciento le es aplicable --y deducible-- no sólo a ese demandante perjudicado sino que a sus causahabientes, parientes y demás codemandantes. Torres v. Medina, 113 D.P.R. 72 (1982); Ramos v. Caparra Dairy, 116 D.P.R. 60 (1985); Miranda v. E.L.A., 137 D.P.R. 700 (1994)[4].

Ahora bien, cuando se trata de la situación en que la víctima o perjudicado en el accidente es un inimputable --ya sea por razón de su tierna edad o por ser un incapacitado mental-- no procede imputarle a éste, y reducir de la compensación que el tribunal le haya concedido por los daños que sufriera, el por ciento de negligencia concurrente que el tribunal haya determinado

---

[4] Debe enfatizarse el hecho de que en Miranda v. E.L.A., ante, el Tribunal citó con aprobación la posición disidente que habíamos expuesto en Molina v. Dávila, 121 D.P.R. 362 (1988), caso en que por votación dividida de cuatro contra tres, se había sostenido, erróneamente, la posición contraria.

El hecho de que se citara con aprobación --y se adoptara-- la posición disidente nuestra claramente demuestra que fue un error, o *lapsus lingua*, la afirmación que se hiciera en Miranda, ante, a los efectos de que se reinstalaba la norma de Quintana v. Valentín, 99 D.P.R. 255 (1970). Dicha aseveración no sólo era contraria a lo que se resolvió sino que era totalmente innecesaria.

en que incurrió su madre, padre, o custodio. Véase: Ramos v. Caparra Dairy, ante.

En la Opinión mayoritaria se sostiene --erróneamente a nuestro juicio-- que en el presente caso ello resulta procedente por el fundamento de que, de no hacerse, se estaría violando la doctrina de inmunidad interfamiliar. Ello es totalmente incorrecto. Veamos.

En 1950 se estableció jurisprudencialmente en nuestra jurisdicción que los hijos no pueden instar acciones en daños y perjuicios contra sus padres, cuando ello afecte a la inmunidad familiar, la institución de la patria potestad y las relaciones paterno filiales. Véase: Guerra v. Ortiz, 71 D.P.R. 613 (1950). Fundamentamos nuestra decisión en que la unidad familiar, la patria potestad y las relaciones paterno-filiales gozan de un alto interés público en nuestro ordenamiento, y que reconocer una acción en daños y perjuicios incoada por un hijo contra un padre abriría una brecha peligrosa en la unidad familiar.

Posteriormente, en Fournier v. Fournier, 78 D.P.R. 430 (1955), reconocimos que la doctrina de inmunidad interfamiliar no es absoluta, por lo que en los casos en los cuales no exista inmunidad interfamiliar que proteger, ni relaciones paterno-filiales que conservar, se iban a permitir reclamaciones extracontractuales de un hijo contra su ascendiente. La segunda excepción a esta doctrina se reconoció en Drahus v. Nationwide Mutual Ins. Co., 104 D.P.R. 60 (1975). En dicho caso se permitió una

acción directa de una hija contra la compañía de seguros de su padre, porque ello no constituía una amenaza a la integridad y a la paz familiar que se quiso proteger con la doctrina de la inmunidad; ello por la obvia razón de que la hija no estaba demandando directamente al padre.

Por estimar necesario y conveniente incorporar en la Ley lo que había resuelto este Tribunal, la Asamblea Legislativa aprobó la Ley Núm. 193 de 6 de septiembre de 1996, mediante la cual se añadió el Artículo 1810a al Código Civil de Puerto Rico. 31 L.P.R.A. sec. 5150.

Dicha disposición estatutaria establece que:

> Ningún hijo podrá demandar a sus padres en acciones civiles en daños y perjuicios cuando se afecte la unidad familiar, la institución de la patria potestad y las relaciones paterno-filiales. Disponiéndose, que dicha prohibición no será absoluta y podrá ejercitarse la acción en daños y perjuicios cuando no haya unidad familiar que proteger, ni relaciones paterno-filiales que conservar. (Énfasis suplido.)

Nótese que lo que se prohíbe --y no de forma absoluta-- es que un hijo, de forma expresa e intencional, radique una demanda contra uno de sus progenitores. Esto es, no se trata --como en el presente caso-- de un resultado automático al que se llega como consecuencia de un proceso de nivelación. No hay acción afirmativa de parte del hijo contra el progenitor negligente.

Dicho de otra manera, en el proceso de nivelación, entre el demandado extraño al núcleo familiar contra el demandante negligente en el cuidado del inimputable y por

tanto cocausante de los daños de éste, <u>no se da la</u> <u>litigación intrafamiliar que genera animosidad y</u> <u>relaciones tirantes entre padre e hijo que caracterizan la</u> <u>confrontación adversativa</u>. Menos aun es la posibilidad de que se produzcan rencores y resentimientos cuando en la mayoría de las veces, el pariente miembro del círculo familiar cercano que sería protegido por la inmunidad interfamiliar y que fue negligente en la supervisión del menor, es demandante en el pleito por lo que recibirá indemnización por sus propios sufrimientos y/o por los daños heredados de la víctima y con ellos puede compensar su deuda. Como vemos <u>no</u> estamos hablando de una <u>acción</u> <u>directa y expresa</u> del menor inimputable, que generalmente está representado por sus progenitores, contra su padre o su madre.

Por último, la Opinión mayoritaria afirma que lo más justo y equitativo es disminuir la indemnización del menor que sufrió los daños para evitar la posterior acción de nivelación de la parte demandada en contra de un miembro de la familia del menor. <u>Estamos en total desacuerdo</u>. Es el menor inimputable quien sufrió mayores daños físicos y emocionales que lo afectarán por el resto de su vida, por lo cual, <u>lo más justo es que sea a éste a quien se le</u> <u>remunere totalmente en lugar de disminuirse su</u> <u>indemnización</u>.

En fin, reducir en un 15% la suma de dinero que le corresponde al menor en el presente caso, como lo hace la

Mayoría, no sólo es improcedente en derecho sino que implica la comisión de una injusticia. Es por ello que disentimos, vehementemente, de esta determinación de la mayoría del Tribunal.

## II

Por otro lado, concurrimos con la parte de la Opinión mayoritaria que reinstala la causa de acción de los padres del menor, ya que del propio texto del Artículo 1802 del Código Civil surge que, en casos de negligencia concurrente, no se desestimará la reclamación de los cocausantes del daño sino que meramente se reducirá la indemnización en lo que proceda. Estoy de acuerdo, además, con la determinación mayoritaria de que la madre del menor no fue negligente, pues éste no se encontraba, al momento del accidente, bajo su supervisión.

Por último, estoy acorde con la redistribución de responsabilidad que hace este Tribunal a los efectos de que el padre del niño fue responsable únicamente en un 15% de los daños sufridos por su hijo.

## III

Debe quedar claro, sin embargo, que disiento de la Mayoría al imputarle a un menor de tres años de edad la

negligencia de su padre, aun cuando había concluido que dicho niño era inimputable.


                    FRANCISCO REBOLLO LÓPEZ
                          Juez Asociado